UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KEVIN LEWELLEN and JANET LEWELLEN, <br><br> Plaintiffs, <br><br> vs. <br><br> SCHNECK MEDICAL CENTER a/k/a SCHNECK MEMORIAL HOSPITAL, A. DAVIS, R.N., JOHN M. REISERT, M.D., JOHN F. ALEXANDER, M.D., And SHARON DUFFIELD, R.N., <br><br> Defendants. | Cause No. 4:05-CV-00083-JDT-WGH |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OF JOHN REISERT, D.O.**

Comes now the defendant, John Reisert, D.O., and files this Memorandum of Law in Support of his Motion for Summary Judgment.

STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

On June 8, 2003, plaintiff, Kevin Lewellen, was involved in an automobile accident in Seymour, Indiana. Complaint, ¶11. Mr. Lewellen was taken to Schneck Memorial Hospital for treatment. Id. Mr. Lewellen was accompanied by at least one trooper from the Indiana State Police, because it was suspected that Mr. Lewellen was intoxicated at the time of the accident. Complaint, ¶16.

Upon arrival at Schneck Memorial Hospital, Mr. Lewellen was examined by John Reisert, D.O., an emergency room physician. Complaint, ¶17-21. As part of that examination, Dr. Reisert ordered x-rays of Mr. Lewellen's lumbar spine. Complaint, ¶21.

Dr. Reisert's interpretation of the x-rays was that there was no gross abnormality indicative of a fracture. Deposition of John Reisert, D.O., 154:8-154:12. In addition, Mr. Lewellen had no neurological symptoms and a totally normal neurological exam. Deposition of John Reisert, D.O., 154:2-154:7, Deposition of Kevin Lewellen, 35:4-35:8, 60:1-60:6.

As a result of the normal neurological exam and the absence of a gross abnormality on the x-rays, Dr. Reisert discharged Mr. Lewellen into the custody of local law enforcement. Deposition of John Reisert, D.O., 204:12-205:5. Dr. Reisert did not receive any pressure from law enforcement to "rush" the discharge to the jail (Deposition of John Reisert, D.O., 146:13-146:24), and there is no evidence that any law enforcement officer or other state actor was involved in the treatment plan of Mr. Lewellen. See generally, Deposition of John Reisert, D.O., Deposition of Kevin Lewellen.

Moreover, after Dr. Reisert made the decision to discharge, he did not speak with Kevin Lewellen, and he was not advised that Mr. Lewellen may not have been able to bear weight at the time of discharge. Deposition of Kevin Lewellen, 67:12-67:17, Deposition of John Reisert, D.O., 151:24-152:14.

On June 8, 2005, the plaintiffs filed their *Complaint* with this Court. Complaint. The plaintiffs' *Complaint* alleges that Dr. Reisert violated Mr. Lewellen's civil rights under 42 U.S.C.§1983 (Complaint, ¶42-48), and purports to advance a claim under 42 U.S.C.§1395dd ("EMTALA") as well. Complaint, ¶22, ¶60-61.

## STANDARD ON SUMMARY JUDGMENT

Summary judgment is the "put or shut up" moment in a lawsuit, when a plaintiff must show what evidence he has that would convince a trier of fact to accept his version of events. Koszola v. Board of Education of the City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004). It is appropriately granted if the movant demonstrates through evidence designated to the court (i.e. pleadings,

2

depositions, answers to interrogatories, admissions on file, and affidavits) that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *See,* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Reid v. Norfolk & Western Ry. Co., 157 F.3d 1106, 1110 (7th Cir. 1998); Fed.R.Civ.P. 56(c). Once the movant has met this burden, the non-movant must set forth specific facts demonstrating that a genuine issue of material fact exists for trial, and may not rely upon mere allegations or denials of the pleadings. *See,* Wollin v. Gondert, 192 F.3d 616, 620-621 (7th Cir. 1999); Gonzalez v. Ingersoll Milling Mach. Co., 133 F.3d 1025, 1031 (7th Cir. 1998); Fed.R.Civ.P. 56(e). In determining whether a genuine issue of material fact exists, the court considers the evidence in the light most favorable to the non-movant. *See,* Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

## DISCUSSION

### A. Dr. Reisert Is Not a State Actor under 42 U.S.C. § 1983

Dr. Reisert is a defendant because his treatment of Mr. Lewellen was alleged to be "state action" for purposes of 42 U.S.C. §1983. Complaint, ¶ 44. Dr. Reisert's treatment does not constitute "state action" under that statute.

42 U.S.C. §1983 provides a cause of action only against persons who act "under color" of law. Essentially, "the complained-of action in a §1983 case must be one that is fairly attributable to the state and not to a private actor." Ridlen v. Ford County Counseling Center, 809 F.Supp. 1343 (N.D.Ind.1992).

> "To analyze whether the alleged state action or actor is viable for purposes of §1983 litigation, the Supreme Court has formulated the following tests:
>
>   1. Where the state and the private party or entity maintain a sufficiently interdependent or symbiotic relationship;

      2.      Where the state requires, encourages, or is otherwise significantly involved in nominally private conduct; and

      3.      Where the private person or entity exercises a traditional state function.

It is only necessary for the §1983 litigant to satisfy one of the aforementioned tests in order to establish the requisite state action."

Id at 1346-1347.

In determining whether a private individual's action constitutes state action, the complaining party must "show that there is a sufficiently close nexus between the state and the challenged action… so that the action of the latter may be fairly treated as that of the state itself. The mere fact that a business is subject to state regulation does not by itself convert its action into that of the state. Second, a state can nominally be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state." Anast v. Commonwealth Apartments, 956 F.Supp.792, 797-798 (N.D.Ill.1997).

There is absolutely no evidence that the state, or any other municipality, had any influence over Dr. Reisert's conduct in treating Mr. Lewellen. In fact, Dr. Reisert specifically testified that the law enforcement officer at the hospital deferred to Dr. Reisert's judgment. Deposition of John Reisert, D.O., 146:13-146:24.

The issue of whether a physician's treatment can constitute "state action" was addressed in Turner v. Chicago Police Department (1998 WL 483508 (N.D.Ill.)). In that case, the physician was not held to be a state actor because there was no agreement between the physician and the state to violate the plaintiff's constitutional rights.

Therefore, there is absolutely no evidence to support an allegation that Dr. Reisert was a state actor.

B.  **Dr. Reisert's Treatment Cannot Constitute "Deliberate Indifference"**

Even if 1983 liability could attach to Dr. Reisert, his treatment of the Mr. Lewellen did not amount to "deliberate indifference" to Mr. Lewellen's serious medical needs. The Seventh Circuit Court of Appeals has provided the following analysis of claims of deliberate indifference to medical needs under the Fourteenth Amendment[1]:

> "In an Eight Amendment claim of inadequate medical care in a prison, the plaintiff must show that a responsible state official was deliberately indifferent to his or her serious medical conditions. This standard erects two high hurdles, which every inmate-plaintiff must clear. First, a plaintiff must show that her condition was serious, an objective standard. A condition is serious if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain. Second, a plaintiff must show that a state official acted with the requisite culpable state of mind, deliberate indifference, a subjective standard. State officials are deliberately indifferent if they know of and disregard an excessive risk to inmate health or safety; the officials must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw the inference."

Dunigan v. Winnebago County, 165 F.3d 587, 590-591 (7th Cir. 1999) (internal citations and quotations omitted).

Importantly, medical negligence does not state an Eighth Amendment claim. Id at 592; Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir. 1997). Indeed, even evidence of repeated acts of

---

1  Although the discussion in this memorandum and in the cited cases refer to the standards for liability under the Eight Amendment, which applies to convicted offenders, the same standard applies to pre-trial detainess such as Mr. Lewellen. Ambrose v. Puckett, Slip Copy, 2006 WL 2673172 (7th Cir. 2006). Brown v. Budz, 398 F.3d 904, 910 (7th Cir.2005), Board v. Farnham, 394 F.3d 469, 477-78 (7th Cir.2005), Wilson v. Williams, 83 F.3d 870, 875 (7th Cir. 1996), Proffitt v. Ridgway, 279 F.3d 503, 506 (7th Cir. 2002).

medical malpractice, without more, cannot constitute deliberate indifference. Williams v. O'Leary, 55 F.3d 320, 324 (7th Cir. 1995).

In a case of a claim for deliberately indifferent medical treatment, if the decision regarding medical treatment (or non-treatment) is made by a professional (i.e. – a physician) then that decision is **presumptively valid**. Youngberg v. Romeo, 457 U.S. 307, 323, 102 S.Ct. 2452, 2462 (1982); Cole v. Fromm, 94 F.3d 254, 262 (7th Cir. 1996). As such, Dr. Reisert's treatment of Mr. Lewellen is presumed to be adequate.

Moreover, the misdiagnosis of an x-ray cannot, as a matter of law, provide the basis for a federal "deliberate indifference" claim. In Willis v. Clemente, 882 F.Supp. 133 (S.D.Ind 1994), a physician, after viewing x-rays, concluded that the plaintiff's hand was not broken. In fact, the plaintiff's hand was broken. However, the Court entered summary judgment in favor of the defendant physician.

The Court pointed out that:

> "Allegations that amount to no more than negligence or medical malpractice do not state claims under the Eighth Amendment: 'A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.' At most, such a claim is for medical malpractice and the proper forum is a state court under the state's Tort Claims Act. To state a claim under the Eighth Amendment, the medical treatment at issue must have an element of intent that rises above malpractice: it is not enough to be careless of the inmate's welfare, the officials must be indifferent of it; it is not enough to underestimate the severity of the injury, the officials must be 'insufficiently interested in the inmate's health to take even minimum steps to guard against the possibility that the injury is severe.'"

Id at 136 (internal citations omitted).

The Court went on to find that the misdiagnosis/misreading of an x-ray could not constitute

deliberate indifference as a matter of law. *See also*, Spann v. Correctional Medical Service, 2006 WL 2423107 (W.D. Mo. 2006), slip copy, p.5 (holding that "interpretation by the doctors and radiology determined the x-ray to be normal. The fact that plaintiff disagreed [with that determination] or was unsatisfied with his diagnosis and subsequent treatment for his medical complaints does not state a claim of deliberate indifference, and is not actionable under section 1983").

Thus, even if Dr. Reisert's reading of Mr. Lewellen's x-ray was incorrect, Dr. Reisert would still be entitled to summary judgment.

    **C.**    **Plaintiffs' Claims Under 42 U.S.C. §1395dd ("EMTALA") Fail as a Matter of Law**

To the extent the plaintiffs' *Complaint* alleges that Dr. Reisert can be liable to them under EMTALA, such claim fails as a matter of law. EMTALA does not provide a private right of action by an individual against a physician. Kaufman v. Cserny, 856 F. Supp. 1307, 1312 (S.D. Ill. 1994), King v. Ahrens, 16 Fed. 3d 265, 271 (8th Cir. 1994). Therefore, to the extent that the plaintiffs' complaint can be construed to make an allegation against Dr. Reisert under EMTALA, such claim is barred as a matter of law.

    **D.**    **Because There Is No Viable Federal Claim, All Remaining State Law Claims Should Be Dismissed**

Once a district court has dismissed all claims over which it has jurisdiction, it may decline to exercise supplemental jurisdiction over pendant state law claims. 28 U.S.C. § 1367 (c)(3), Wright v. Associative Insurance, 29 F.3d 1244, 1250 (7th Cir. 1994). The Court of Appeals for the Seventh Circuit has frequently noted that the general rule is to dismiss supplemental state claims when the accompanying federal claims are dismissed prior to trial. Kennedy v. Schoenberg, Fisher and Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998). Thus, because there are no viable federal claims,

all supplemental state law claims (to the extent any are alleged in this action), should be dismissed.

## CONCLUSION

For all the foregoing reasons, Dr. Reisert respectfully requests that the Court enter judgment as a matter of law in his favor, and against the plaintiffs, and for all other just and proper relief in the premises.

Respectfully submitted,

CARSON BOXBERGER LLP


By   s/ Edward J. Liptak
     Edward J. Liptak/9821-02
     Attorney for Defendant,
     John M. Reisert, D.O.


3100 John Hinkle Place, Suite 106
Bloomington, Indiana  47408
Telephone:  (812) 333-1225

## CERTIFICATE OF SERVICE

I do hereby certify that on this, the 1st day of December, 2006, a copy of the above and foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Christopher C. Hagenow, Esq.
HOPPER & BLACKWELL
chagenow@hopperblackwell.com

Anthony J. Yorio, Jr., Esq.
MALLOR CLENDENING GRODNER & BOHRER, LLP
ayorio@mcgb.com

Gary J. Clendening, Esq.
MALLOR CLENDENING GRODNER & BOHRER, LLP
gjclende@mcgb.com

Kirk R. Jocham, Esq.
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
kjocham@hallrender.com

Christopher L. Riegler, Esq.
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
criegler@hallrender.com

Philip N. Elbert, Esq.
NEAL & HARWELL, PLC
pelbert@nealharwell.com

W. David Bridgers, Esq.
NEAL & HARWELL, PLC
dbridgers@nealharwell.com

Kristen V. Dyer, Esq.
NEAL & HARWELL, PLC

                                                  s/Edward J. Liptak