UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KEVIN LEWELLEN and<br>JANET LEWELLEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>SCHNECK MEDICAL CENTER a/k/a<br>SCHNECK MEMORIAL HOSPITAL,<br>A. DAVIS, R.N., JOHN M. REISERT, M.D.,<br>JOHN F. ALEXANDER, M.D. and<br>SHARON DUFFIELD, R.N.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Cause No.: 4:05-CV-0083-JDT-WGH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS SCHNECK MEDICAL CENTER a/k/a SCHNECK MEMORIAL HOSPITAL, A. DAVIS, R.N., AND SHARON DUFFIELD, R.N.**

    Defendants Schneck Medical Center a/k/a Schneck Memorial Hospital, A. Davis, R.N., and Sharon Duffield, R.N., (hereinafter collectively "Defendants"), by counsel, hereby submit their Reply Brief in Support of their Motion for Summary Judgment.

**INTRODUCTION**

    On February 15, 2007, Defendants filed their Motion for Summary Judgment and materials in support thereof. On March 29, 2007, Plaintiffs Kevin Lewellen and Janet Lewellen filed their Response in Opposition to Defendants' Motion for Summary Judgment. Following Defendants' request for an enlargement of time, the Court permitted Defendants up to and including April 23, 2007, to file this Reply Brief in Support of their Motion for Summary Judgment.

    Plaintiffs have also filed an action, with the Indiana Department of Insurance, for medical

malpractice against the same defendants named here.  That claim seeks damages under Indiana law.  Pursuant to the Indiana Medical Malpractice Act, Plaintiffs' Indiana Department of Insurance action must be reviewed by a medical review panel before Plaintiffs may instigate a civil action to pursue that claim.

**DISCUSSION**

A.  Neither A. Davis, R.N., (hereinafter "Nurse Davis") nor Sharon Duffield, R.N., (hereinafter "Nurse Duffield") Violated Mr. Lewellen's Civil Rights Under 42 U.S.C. § 1983.

No genuine issue of material fact exists on the issue of whether Nurse Davis or Nurse Duffield violated Mr. Lewellen's constitutional rights.  They did not violate Mr. Lewellen's constitutional rights, and the evidence before the Court clearly demonstrates this.  First, neither were state actors; and second, even presuming they were state actors, the record does not show a desire on their part to act deliberately indifferent toward Mr. Lewellen's serious medical needs.

1.  Neither Nurse Davis nor Nurse Duffield were State Actors.

When limiting a review of their care strictly to that provided to Mr. Lewellen, Nurse Davis and Nurse Duffield do not meet the meaning of "person" intended by 42 U.S.C. § 1983.  That is, neither was acting under the color of State law.  *See generally, Patrick v. Jasper County*, 901 F.2d 561 (7th Cir. 1990); *West v. Atkins*, 487 U.S. 42 (1988); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974).

Plaintiffs rely on *Salazar v. Chicago*, 940 F.2d 233 (7th Cir. 1991), for the proposition Mr. Lewellen must have been "in custody" when he was taken to and presented to Schneck Medical Center on June 8, 2003 because he was simply "not free to leave and seek [medical] help on his own."  Contrary to Plaintiffs' assertions, however, the evidence does not support Plaintiffs' conclusion.

2

Mr. Lewellen was not taken to Schneck Medical Center under the direction of law enforcement. In fact, Plaintiffs' own designated materials in opposition to Defendants' motion for summary judgment confirm "the ambulance personnel had determined" Mr. Lewellen needed to be taken to the emergency room. *See Affidavit of Master Trooper Roger Drew*, ¶ 3, attached to Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment as Exhibit 14. Further, no law enforcement officer accompanied Mr. Lewellen to Schneck Medical Center. Master Trooper Roger Drew and Trooper Rick Hudson (who signed the warrant charging Mr. Lewellen) did not travel to Schneck Medical Center <u>until after</u> they completed their investigation at the accident scene. *See id.*, ¶¶ 4 and 5. Moreover, during his June 8 presentation to Schneck Medical Center's emergency department, Mr. Lewellen was not being continually supervised by or restrained by law enforcement. He was not handcuffed until following his discharge from Schneck Medical Center, and Mr. Lewellen admits he did not receive his Miranda warning and notification of his arrest until his discharge. *See id.*, ¶ 8; *Deposition of Kevin Lewellen*, 69:7-70:1, 125:23-126:2. The evidence does not demonstrate Mr. Lewellen was restricted to seeking medical attention only at Schneck Medical Center.

Furthermore, the evidence shows the State of Indiana was not charged the medical expenses associated with Mr. Lewellen's treatment at Schneck Medical Center. Rather, these charges were billed to Anthem Blue Cross, Mr. Lewellen's private insurer. *Schneck Medical Center Patient Account Statements for Kevin Lewellen.* Accordingly, Mr. Lewellen was not "in custody" at the time of June 8, 2003 presentation to Schneck Medical Center.

Plaintiffs do not contend Mr. Lewellen was "in custody" at the time of his June 9, 2003 return to Schneck Medical Center's emergency department. At the time Mr. Lewellen was cared for by Nurse Duffield, he had been released on his own recognizance. Nurse Davis and Nurse

3

Duffield are entitled to summary judgment on Plaintiffs' 42 U.S.C. § 1983 claims.

    2.    <u>Neither Nurse Davis nor Nurse Duffield acted with "Deliberate Indifference" to Mr. Lewellen's Serious Medical Needs.</u>

Aside from Nurse Davis and Nurse Duffield not being state actors, the evidence does not support Plaintiffs' contention their actions toward Mr. Lewellen rise to the level of deliberate indifference to his serious medical needs. Concurrent with this lawsuit, Plaintiffs are seeking an evaluation of the defendants' care and treatment of Mr. Lewellen through a mechanism provided by the Indiana Medical Malpractice Act (i.e., an assessment by a medical review panel). This mechanism will result in a determination whether a defendant was or defendants were negligent in caring for Mr. Lewellen. Deliberate indifference, though, entails more than "mere negligence." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001).

Plaintiffs have provided the Court with the Affidavits of two of Mr. Lewellen's treating physicians, Dr. David Schwartz and Dr. Bennie Fulbright. While both of Dr. Schwartz and Dr. Fulbright are willing to comment the defendants' care was negligent, neither opines Nurse Davis or Nurse Duffield acted with deliberate indifference. This is for good reason, as they did not.

Plaintiffs continue to fail to demonstrate either Nurse Davis or Nurse Duffield were responsible for diagnosing Mr. Lewellen's serious medical need. Further, Plaintiffs have not made a showing either Nurse Davis or Nurse Duffield substantially departed from accepted professional judgment, practice or standards as to demonstrate they did not base their decisions on such a judgment.

As with any patient, Nurse Davis advised Mr. Lewellen's treating physicians of any remarkable <u>change</u> in his condition the physicians were not already aware of and carried out the orders given to her. Mr. Lewellen had been examined by Dr. Reisert, and Dr. Reisert had

4

knowledge of Mr. Lewellen's complaints and any deficits.

As for Nurse Duffield, and Plaintiffs' continued assertion she is the "Sandra" noted in the Jackson County jail records,[1] Plaintiffs conveniently skip over the part of the conversations between "Sandra" and the Jackson County jail staff where "Sandra" advised the jail staff to bring Mr. Lewellen back to the Schneck Medical Center emergency room. "Sandra's" advice was contemporaneous with her being informed by the jail staff of Mr. Lewellen's continued complaints of pain and prior to her requesting another emergency room physician review Mr. Lewellen's radiology studies.

Interestingly, Plaintiffs leave out the fact the Jackson County jail staff failed to heed the instruction given to them by the Schneck Medical Center nursing staff and have Mr. Lewellen returned to emergency department. Plaintiffs opportunely delete the approximate 30 minutes between "Sandra" advising Mr. Lewellen should return to Schneck Medical Center and her calling back to inform the jail staff of the results of the re-review of Mr. Lewellen's x-rays. Notably, the jail staff took no action in response to the initial advice given by "Sandra" to bring Mr. Lewellen back to Schneck Medical Center.

Nurse Davis and Nurse Duffield were in no way deliberately indifferent to the serious medical needs of Mr. Lewellen. They did not have actual or imputed knowledge of Mr. Lewellen's fractured vertebra. Further, Plaintiffs have failed to demonstrate either Nurse Davis or Nurse Duffield was subjectively aware of Mr. Lewellen's serious medical needs and one or both disregarded those needs. There exists no material issue of trial fact, and Nurse Davis and Nurse Duffield are entitled to summary judgment as a matter of law on Plaintiffs' 42 U.S.C. §

---

1 Of note, in his Affidavit, Ian McPherson asserts he spoke with Nurse Duffield on several occasions concerning Mr. Lewellen; however, his claim to know her sharply contradicts his jail log entries where the individual he spoke with is identified as "Sandra".

1983 claims.

B.  Schneck Medical Center Did Not Violate the Screening or Stabilizing Treatment Requirements of the Emergency Medical Treatment and Labor Act ("EMTALA").

Under EMTALA, a hospital must provide an "appropriate medical screening examination within the capability of the hospital's emergency department" to determine "whether or not an emergency medical condition … exists."  42 U.S.C. § 1395dd(a).  And, if an emergency medical condition is detected, the hospital must provide "either (A) within the staff and facilities available at the hospital, for such medical examination and such treatment as may be required to stabilize the medical condition, or (B) for the transfer of the individual to another medical facility …" *Id.*, § 1395dd(b)(1).  Accordingly, the hospital's duty to stabilize a patient does not arise until the hospital first detects an emergency medical condition.  *Magruder ex rel. Magruder v. Jasper County Hosp.*, 243 F.Supp.2d 886, 894 (N.D. Ind. 2003).

1.  Schneck Medical Center provided Kevin Lewellen an appropriate medical screening within the requirements of EMTALA.

The medical screening provided by Schneck Medical Center to Mr. Lewellen on June 8, 2003 fully satisfied the requirements of EMTALA.  Despite Plaintiffs' allegations to the contrary, witness testimony demonstrates Dr. Reisert provided Mr. Lewellen with a medical screening comparable to that offered to similar patients.  In Dr. Reisert's assessment, Mr. Lewellen had a normal neurological examination.  *Deposition of Dr. Reisert, D.O.*, 71:16-72:14, 136:9-137:17, 157:9-158:12.  Further, Dr. Alexander maintains Dr. Reisert's medical examination was an accepted method of treating him and comparable to that offered to other patients presenting similar symptoms.  *Deposition of John Alexander, M.D.*, 40:9-41:25.

Plaintiffs have failed to demonstrate Dr. Reisert could not possibly have cleared Mr. Lewellen clinically or that the receipt of diagnostic radiological films are a prerequisite to a

6

satisfactory EMTALA screening exam.  At best, Plaintiffs can show Dr. Reisert failed to appreciate the seriousness of Mr. Lewellen's medical condition.  A failure of that type, however, does not establish a violation of EMTALA.  *Marshall v. E. Carroll Parish Hosp. Serv.*, 134 F.3d 319, 323-24 (5th Cir. 1998).  Rather, an appropriate review of Dr. Reisert's acts or omissions should be left solely to the medical review panel in Plaintiffs' pending action before the Indiana Department of Insurance.

There is no genuine issue of material fact regarding the Schneck Medical Center's compliance with EMTALA.  Schneck Medical Center is entitled to judgment as a matter of law, and the Court should grant its Motion for Summary Judgment.

    2.    <u>Schneck Medical Center did not violate EMTALA's stabilization requirements in discharging Kevin Lewellen from the emergency department</u>.

Under the "actual detection" rule, the EMTALA duty to stabilize Mr. Lewellen never arose because Mr. Lewellen was never <u>diagnosed</u> as having an emergency medical condition prior to his discharge on June 8, 2003.  Plaintiffs assert that through the Affidavit of Master Trooper Drew they can show Dr. Reisert witnessed "the entire scene" at the time of Mr. Lewellen's discharge.  *See Plaintiffs' Opposition*, p. 25.  A close review of Master Trooper Drew's Affidavit, however, does not state the testimony Plaintiffs seek to draw from it.  Master Trooper Drew's Affidavit does reference Dr. Reisert, but it does not signify Master Trooper Drew can affirmatively state Dr. Reisert witnessed Mr. Lewellen's discharge.

Further, Plaintiffs rely upon *The EMTALA Answer Book* to support their claims of a violation of EMTALA's stabilization requirement.  Particularly, Plaintiffs state in their Opposition to Defendants' Motion for Summary Judgment, "that severe intoxication can render a patient unstable, thereby precluding involuntary discharges of such patients" and "that some

intoxicated individuals may meet the definition of 'emergency medical condition' because the absence of medical treatment may place their health in serious jeopardy or may result in serious impairment of bodily functions or serious dysfunction of a bodily organ." *See Plaintiffs' Opposition*, p. 26.

The Court will note Plaintiffs' assertions speak in terms of "can" and "may". In this case, though, the medical screening examination afforded to Mr. Lewellen was clearly sufficient. The medical screening examination was such that it could identify acute and severe symptoms which would alert Dr. Reisert of the need for immediate medical attention to prevent serious bodily injury. Again, if Plaintiffs are entitled to a remedy at all as a result of the events of June 8, 2003, that remedy is appropriately sought solely in their medical malpractice action pending before the Indiana Department of Insurance.

As there exists no remedy in this matter under EMTALA, the Court should grant Schneck Medical Center's Motion for Summary Judgment. A finding in favor of Schneck Medical Center on Plaintiffs' violation of EMTALA claim is just.

C.  Plaintiffs' Recovery of Damages Under EMTALA is Capped by the Indiana Medical Malpractice Act.

Plaintiffs acknowledge two District Judges in this Court's district have found Indiana's statutory caps on the damages a plaintiff may recover in a medical malpractice action apply to claims for damages under EMTALA. Plaintiffs, however, ask this Court to ignore this precedent and rule the statutory caps do not apply here. Plaintiffs' request should be denied.

Schneck Medical Center stands by its arguments stated on this topic in its Memorandum in Support of its Motion for Summary Judgment, and it will not duplicate those arguments here. In sum, based on the facts of this case and Indiana federal law, the Court should find the Indiana

Medical Malpractice Act's limitations on damages apply to Plaintiffs' EMTALA claims. This includes the limitation afforded a qualified health care provider, such as Schneck Medical Center, in that it is not liable for an amount in excess of two hundred fifty thousand dollars ($250,000). *See* Ind. Code § 34-18-14-3(b). Limitations are limitations, and Indiana federal law affirms a health care provider's liability in an EMTALA action shall not exceed $250,000.

## CONCLUSION

Neither Nurse Davis nor Nurse Duffield acted with deliberate indifference to Mr. Lewellen's serious medical needs. Further, Schneck Medical Center did not violate the screening or stabilizing treatment requirements of EMTALA. Therefore, it is respectfully requested summary judgment be entered in favor of Defendants and against Plaintiffs on all Plaintiffs' claims.

Respectfully submitted,

*s/ Kirk R. Jocham*
Kirk R. Jocham (#23018-06)
HALL RENDER KILLIAN HEATH & LYMAN, P.C.
Suite 2000, Box 82064
One American Square
Indianapolis, IN 46282
(317) 633-4884
(317) 633-4888 (FAX)
E-mail:  kjocham@hallrender.com
*Attorney for Defendants, Schneck Medical Center a/k/a Schneck Memorial Hospital, A. Davis, R.N. and Sharon Duffield, R.N.*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 23, 2007, a copy of the foregoing *Reply Brief in Support of Motion for Summary Judgment* was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system:

| | |
|---|---|
| Christopher C. Hagenow<br>Hopper Blackwell Ramsey Burhmeier, P.C.<br>Bank One Center/Circle<br>111 Monument Circle, Suite 452<br>Indianapolis, Indiana 46204<br>chagenow@hopperblackwell.com | Edward J. Liptak<br>CARSON BOXBERGER<br>3100 John Hinkle Place<br>Suite 106<br>Bloomington, IN 47401<br>ejl@carsonboxberger.com |
| Gary J. Clendening<br>Anthony J. Yorio, Jr.<br>MALLOR CLENDENING GRODNER<br>      & BOHRER<br>511 Woodscrest Drive<br>P O Box 5787<br>Bloomington, IN 47407-5787<br>gjclende@mcgb.com<br>ayorio@mcgb.com | W. David Bridgers<br>Kristen V. Dyer<br>Philip N. Elbert<br>NEAL & HARWELL, PLC<br>One Nashville Place, Suite 2000<br>150 Fourth Avenue, North<br>Nashville, TN 37219<br>dbridgers@nealharwell.com<br>kdyer@nealharwell.com<br>pelbert@nealharwell.com |

        *s/ Kirk R. Jocham*
        Kirk R. Jocham
        HALL RENDER KILLIAN HEATH & LYMAN, P.C.
        E-mail:  kjocham@hallrender.com

#565336