UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| KEVIN LEWELLEN, and JANET LEWELLEN, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) ) | 4:05-cv-083-JDT-WGH |
| SCHNECK MEDICAL CENTER a/k/a SCHNECK MEMORIAL HOSPITAL, A. DAVIS, RN, JOHN M. REISERT, MD, JOHN FL ALEXANDER, MD, and SHARON DUFFIELD, RN, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (Doc. No. 102)**[1]

This cause comes before the court on the Plaintiffs' Motion for Leave to File an Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. The Plaintiff[2] sues defendant health care providers under 42 U.S.C. § 1983 ("Section 1983") and the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd ("EMTALA").

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion herein is not sufficiently novel to justify commercial publication.

[2] Mr. Lewellen's wife, Janet, is also named as a Plaintiff in this case. The Complaint contains a cause of action for Janet Lewellen's loss of consortium through EMTALA. Mrs. Lewellen is not included in the additional claims added in the Amended Complaint; therefore, for the sake of clarity, throughout this Entry the court will refer to Plaintiff in the singular.

**I.     BACKGROUND**

The facts of this case are discussed completely in the court's Entry on Defendants' Motions for Summary Judgment entered on August 16, 2007.  For the purposes of this Entry, only the facts relevant to Plaintiff Kevin Lewellen's Motion for Leave to File an Amended Complaint will be discussed.  That motion seeks to add claims against the Defendant Schneck Medical Center ("Schneck") under § 1983 and to add an additional count under § 1983 against Defendants John M. Reisert, M.D. and Amanda Davis, R.N.

After getting in a car accident on June 8, 2003, Mr. Lewellen was taken to Schneck by two police officers who suspected that he had been operating a vehicle while under the influence.  Ms. Davis admitted Mr. Lewellen and completed an initial assessment of his condition.  Dr. Reisert then examined Lewellen.  After taking x-rays, Ms. Davis informed Mr. Lewellen that Dr. Reisert was discharging him.  Against the wishes of Mr. Lewellen, he was discharged and taken to jail.  It was later discovered that Mr. Lewellen was not properly diagnosed at the hospital and suffered a burst fracture in his spine which, because it went untreated, permanently damaged his spinal cord.

The Plaintiff seeks to add two counts under 42 U.S.C. § 1983 against Schneck, Reisert, and Davis based on violations of the federal EMTALA statute.  Count IV alleges that Dr. Reisert and Davis, acting under color of state law and in their capacity as agents of Schneck, acted to deprive Lewellen of his rights under EMTALA to an

adequate screening exam and to not be released from Schneck until his medical condition was stable. Count V alleges two claims. First, that Schneck is liable under § 1983 for violating Plaintiff's rights under EMTALA. Second, that Schneck is liable for the individual defendants' violations of Lewellen's constitutional rights because Schneck failed to promulgate adequate policies, procedures, and protocols and failed to adequately train its professional medical staff.

Dr. Reisert has entered a response opposing the proposed amendment. He argues that the proposed claim against him under 42 U.S.C. § 1983 premised on violations of EMTALA is not recognized by law and should be denied.

## II.     ANALYSIS

### A.     STANDARD FOR LEAVE TO FILE AN AMENDED COMPLAINT

A plaintiff may amend his complaint "only by a leave of court or by written consent of the adverse party . . . ." Fed. R. Civ. P. 15(a). Rule 15(a) provides "leave shall be freely given when justice so requires . . . ." Fed. R. Civ. P. 15(a). The right to amend is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003). "[A]n amendment may be futile when it fails to state a valid theory of liability, or could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). A decision to grant or deny a motion for leave to file an amended complaint is "a matter purely within the

sound discretion of the district court." *Guise v. BWM Mortg., LLC.*, 377 F.3d 795, 801 (7th Cir. 2004) (quoting *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991)).

### B.  SECTION 1983 CLAIMS FOR DEPRIVATION OF RIGHTS GRANTED UNDER EMTALA

EMTALA does not provide a private right of action against an individual physician.  The EMTALA remedies provision is found at 42 U.S.C. § 1395dd and reads as follows:

> **(d) Enforcement**
> **(1) Civil Money penalties**
> . . .
> **(B)** . . . [A]ny physician who is responsible for the examination, treatment, or transfer of an individual in a participating hospital, including a physician on-call for the care of such an individual, and who negligently violates a requirement of this section . . . is subject to a civil money penalty of not more than $50,000 for each such violation and, if the violation is gross and flagrant or is repeated, to exclusion from participation in this subchapter and State health care programs.
> . . .
> **(2) Civil enforcement**
>  **(A) Personal Harm**
> Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

The United States Supreme Court and the Seventh Circuit have not addressed the issue of whether a private right of action can be brought against a physician under EMTALA.  However, decisions from other circuits addressing the issue have concluded that no private right of action may be brought against an individual physician.  *See Eberhardt v. City of L.A.*, 62 F.3d 1253, 1256-57 (9th Cir. 1995) ("The plain text of the

4

EMTALA explicitly limits a private right of action to the participating hospital."); *King v. Ahrens*, 16 F.3d 265, 270-71 (8th Cir. 1994) ("The plain language indicates that section 1395dd(d)(2)(A) creates a cause of action only against a 'participating hospital.' The statutory definition of 'participating hospital' does not encompass an individual physician."); *Delaney v. Cade*, 986 F.2d 387, 394 (10th Cir. 1993); *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 877-78 (4th Cir. 1992) ("[N]othing in the language of the statute permits a private individual to recover personal injury damages from a physician for an EMTALA violation."). The statute is not ambiguous and provides that a physician who violates EMTALA is subject to the assessment of civil fines. It does not provide for a private right of action by the person injured against such a physician. Mr. Lewellen does not dispute that EMTALA does not create a private right of action against individual physicians. In fact, the Plaintiff states in his reply brief that "the fact that EMTALA does not create a direct action against Dr. Reisert is no obstacle to Mr. Lewellen's [Section] 1983 action against Dr. Reisert." (Pls.' Reply Br. 4.)

The Plaintiff argues that § 1983 allows him to bring claims premised on violations of EMTALA. Section 1983 exists to provide a private cause of action for any person who is subjected to "the deprivation of any rights, privileges, or immunities secured by" the Constitution and the laws of the United States. 42 U.S.C. § 1983. The statute provides that every person who acts to deprive another of those rights, privileges, or immunities "shall be liable to the party injured in an action at law . . . ." *Id.* Plaintiff's proposed § 1983 claim is premised on the fact that the Defendants' acts and omissions deprived him of the rights EMTALA granted him. Mr. Lewellen argues that § 1983 is

intended to apply in situations in which the plain text does not indicate that there is a private remedy within the statute. Mr. Lewellen states that "[n]umerous Supreme Court decisions have upheld cases under 42 U.S.C. § 1983 for violations of statutes that clearly did not provide a private remedy for violations of those statutes." (Pls.' Reply Br. 3) (citing *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498 (1990)). While this is true, because of the enforcement procedures already present under EMTALA, the *Sea Clammers* doctrine precludes § 1983 from providing additional causes of action.

The Supreme Court has stated "[w]hen the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under [Section] 1983." *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981). The Court has also held that if Congress intended that one of the statutory schemes should be the exclusive way to vindicate a right, then plaintiffs are required to sue only under that statute. *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979) (holding that Title VII of the Civil Rights Act of 1964 preempted a cause of action for employment discrimination under 42 U.S.C. § 1985(3)).

In *Waid v. Merrill Area Public Schools*, the Seventh Circuit was faced with a § 1983 issue very similar to the one before this court. The plaintiff in *Waid* brought an action for sexual discrimination against the school district and individual school officials. *Waid v. Merrill Area Pub. Schs.*, 91 F.3d 857, 860 (7th Cir. 1996). Title IX allowed for damages to be awarded against educational institutions, but not against individual school officials. *Id.* at 862. The court held that because of the remedies allowed for

under Title XI "Congress intended to place the burden of compliance . . . on educational institutions themselves, not on the individual officials associated with those institutions." *Id.* Therefore, "Congress effectively superseded a cause of action under § 1983. . . ." *Id.* at 863.

In the instant case, EMTALA provides for effective remedies that place the burden of compliance upon the medical institution. 42 U.S.C. § 1395dd(d)(2)(A) provides a comprehensive enforcement mechanism that provides sufficient remedies to encourage enforcement of EMTALA. It also provides for adequate compensation of injured plaintiffs. Congress expects that medical institutions establish policies that diminish or eliminate violations of EMTALA by its physicians. EMTALA provides that both physicians and hospitals will be held accountable for damages with the provision of a civil penalty, *see* 42 U.S.C. § 1395dd(d)(1)(A), (B), but specifically includes only hospitals as liable for penalties brought under the civil enforcement section, *see* 42 U.S.C. § 1395dd(d)(2)(A). In *Sea Clammers*, the Supreme Court instructed that "when a state official is alleged to have violated a federal statute which provides its own comprehensive enforcement scheme, the requirements of that enforcement procedure may not be bypassed by bringing suit directly under § 1983." *Sea Clammers*, 453 U.S. at 20. Congress's omission of language in EMTALA indicating a private right of action against individual physicians purposefully precludes plaintiffs from asserting claims against those individual physicians. Similarly, because the remedies provided in EMTALA's enforcement scheme are sufficiently comprehensive, § 1983 may not be used as a vehicle to allege EMTALA violations against a hospital. *See id.*

In the instant case, Mr. Lewellen has already brought claims against Schneck under the EMTALA statute.  He has also alleged claims against Schneck under § 1983 for failing to provide adequate medical care for a pretrial detainee.  This attempt to bring additional claims against Schneck, Reisert, and Davis under § 1983 because of a violation of EMTALA is only doubling claims to increase the chance of success.  Because § 1983 claims alleging a deprivation of the Plaintiff's rights under EMTALA would not survive a motion to dismiss, the addition of claims alleging such a violation would be futile.

### C. SECTION 1983 CLAIMS FOR VIOLATION OF CONSTITUTIONAL RIGHTS

In addition to the § 1983 claims for a deprivation of rights under EMTALA brought in Counts IV and V, Count V of the Amended Complaint also seeks to add an additional § 1983 claim against Schneck for a violation of Mr. Lewellen's constitutional rights.  Count V states that Schneck is also liable for the individual defendants' violations of Lewellen's constitutional rights because Schneck failed to promulgate adequate policies, procedures, and protocols and failed to adequately train its professional medical staff.  The Defendants have not challenged the addition of this claim, therefore the Plaintiff will be allowed to amend his complaint and add this additional claim under § 1983 for a violation of his constitutional rights.

### III.   CONCLUSION

Because EMTALA provides a comprehensive enforcement mechanism for injured plaintiffs, the Plaintiff is preempted from bringing § 1983 claims against Schneck, Dr. Reisert, and Ms. Davis premised on violations of EMTALA.  The Plaintiff is allowed to add the additional claim in Count V against Schneck under § 1983 for violations of Plaintiff's constitutional rights based on Schneck's failure to promulgate adequate policies, procedures, and protocols and failure to adequately train its professional medical staff.  The court therefore **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 102).  The Plaintiff has **ten days** from the date of this Entry to file an Amended Complaint in accordance with the rulings herein.

ALL OF WHICH IS ENTERED this 9th day of November 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge William G. Hussmann, Jr.

William David Bridgers
NEAL & HARWELL PLC
dbridgers@nealharwell.com

Gary J. Clendening
MALLOR CLENDENING GRODNER & BOHRER
gjclende@mcgb.com

Kristen Vanderkooi Dyer
NEAL & HARWELL PLC
kdyer@nealharwell.com

Philip Norman Elbert
NEAL & HARWELL PLC
pelbert@nealharwell.com

Christopher Charles Hagenow
HOPPER & BLACKWELL
chagenow@hopperblackwell.com

Kirk Robert Jocham
HALL RENDER KILLIAN HEATH & LYMAN
kjocham@hallrender.com

Belinda Rose Johnson
MALLOR CLENDENING GRODNER & BOHRER LLP
bjohnson@mcgb.com

Edward J. Liptak
CARSON BOXBERGER
liptak@carsonboxberger.com

Christopher L. Riegler
HALL RENDER KILLIAN HEATH & LYMAN
criegler@hallrender.com