UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN LEWELLEN and JANET LEWELLEN, ) ) ) Plaintiffs, ) ) vs. ) ) SCHNECK MEDICAL CENTER, A. ) DAVIS, RN, JOHN M. REISERT, MD, ) JOHN F. ALEXANDER, SHARON ) DUFFIELD, RN, ) ) Defendants. ) | 4:05-cv-0083-SEB-WGH |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This cause is before the Court on Defendants' Partial Motion to Dismiss [Docket No. 145], filed on March 27, 2008, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs Kevin Lewellen and Janet Lewellen brought their original claims against Defendants, including Schneck Memorial Hospital, for violations of the Emergency Medical Treatment and Labor Act, 42 U.S.C. §1395dd ("EMTALA"), and against the individual Defendants under 42 U.S.C. § 1983, alleging violations of Plaintiffs' constitutional rights.  Additionally, Plaintiffs' First Amended Complaint [Docket No. 113] added a § 1983 claim against Schneck, which Defendants seek to dismiss with the current motion.  For the reasons detailed in this entry, Defendants' Partial Motion to Dismiss is GRANTED.

### *Factual Background*

On June 8, 2003, Plaintiff Kevin Lewellen ("Lewellen") was involved in a single car accident in Jackson County, Indiana.  Indiana State Troopers responding to the accident placed Lewellen under arrest on suspicion of driving under the influence.  As Lewellen was also in need of medical attention, he was transported, in custody, to Schneck Memorial Hospital ("Schneck") in Seymour, Indiana, for treatment.  3d Amend. Compl. ¶¶ 11, 15-17.

Upon arriving at Schneck, Lewellen complained of "great pain" in his lower back.  3d Amend. Comp. ¶ 18.  Lewellen was examined by Dr. John M. Reisert, who evaluated Lewellen's medical condition, including the results of a blood alcohol test and lumbar spine x-ray.  Lewellen's blood alcohol level was 0.297—nearly four times the legal limit.  3d Amend. Compl. ¶ 20.

Dr. Reisert allegedly noted on his chart that the x-ray images of Lewellen's lumbar spine were of "poor quality" and not diagnostic.  3d Amend. Compl. ¶ 21.  Nevertheless, Dr. Reisert did not order new films and proceeded to discharge Lewellen into police custody.  Plaintiffs allege that in so doing, Dr. Reisert breached the standard of care. 3d Amend. Compl. ¶ 22.  Lewellen claims that Dr. Reisert failed to properly diagnose a fracture in Lewellen's spine and failed to consider the effect of Lewellen's blood alcohol level on his condition.  3d Amend. Compl.¶¶ 20-22.  According to Lewellen, Dr. Reisert acted "knowingly or with reckless disregard for Mr. Lewellen's constitutional rights."  3d Amend. Compl. ¶ 13.  As a result, Lewellen was allegedly released from Schneck in a medically unstable condition.

At discharge, a nurse at Schneck, A. Davis, gave Lewellen instructions and directed him to sign the hospital's discharge form. Lewellen refused to sign the form, claiming that he was in great pain and telling Davis that he needed additional medical attention. 3d Amend. Compl. ¶ 23. Davis denied Lewellen the opportunity to speak with a physician, and the troopers were directed to take Lewellen away. 3d Amend. Compl. ¶ 23. Approximately two hours after Lewellen's discharge, radiologist John Alexander reviewed Lewellen's x-ray films. Dr. Alexander's report noted that the x-ray could not be read, and stated that a fracture of Lewellen's spine could not be completely excluded. 3d Amend. Compl. ¶¶ 27-28. Dr. Alexander's report was not transcribed for over twelve hours and no one at Schneck made any attempt to have Lewellen returned from the jail for further treatment. 3d Amend. Compl. ¶ 29.

Concerned with Lewellen's condition, jail officer Ian McPherson later contacted Schneck and spoke with emergency department nurse Sandra Duffield. 3d Amend. Compl. ¶ 31. Duffield had the emergency physician on duty review Lewellen's x-ray films. She reportedly told McPherson that the physician had discovered an "abnormality" in one of Lewellen's vertebrae. 3d Amend. Compl. ¶ 32. Nevertheless, Duffield did not direct McPherson to return Lewellen to the hospital or recommend a course of treatment. 3d Amend. Compl. ¶ 32.

McPherson, on his own accord, took steps to secure Lewellen's release from jail and return to the hospital. 3d Amend. Compl. ¶ 34. He also discovered an untreated laceration on Lewellen's elbow, which he cleaned and bandaged. 3d Amend. Compl. ¶

34. Duffield allegedly directed McPherson to withhold information concerning the misdiagnosis from Lewellen.  3d Amend. Compl. ¶ ¶ 32, 36.

Lewellen was eventually transferred to Methodist Hospital in Indianapolis, where he underwent surgery to decompress his spine.  As a result of the delay in treatment, Lewellen has allegedly suffered permanent nerve damage to his spine, causing "chronic pain, bowel and bladder dysfunction, sexual dysfunction, and other permanent injury." 3d Amend. Compl. ¶ ¶ 13, 37-38.  The failure of Schneck personnel to correctly diagnose and treat Lewellen's injury allegedly led to additional damage to Lewellen's spine and additional neurological injury. 3d Amend. Compl. ¶ ¶ 39-41.

Plaintiffs brought this action against Schneck on June 8, 2005, alleging violations of EMTALA, 42 U.S.C. § 1395dd.  Plaintiffs also sued individual doctors and nurses under 42 U.S.C. § 1983 alleging that the individual Defendants violated Lewellen's constitutional rights to adequate medical care while he was a pretrial detainee.  Relevant to this motion, Plaintiffs later added a municipal liability § 1983 claim against Schneck in his First Amended Complaint.  Detailed factual allegations supporting this claim were not pleaded until Plaintiffs' Third Amended Complaint, which states:

> Through its failure to adhere to the quality assurance and peer review programs that it was required to implement as a condition of licensure, participation in Medicare and accreditation by JCAHO, Schneck created a culture of lack of accountability within the Hospital. That culture was a cause of the acts and omissions by the individual defendants in this case that resulted in the harms that Mr. Lewellen suffered.

3d Amend. Compl. ¶ ¶ 67.  In other words, Plaintiffs contend that Schneck is liable for the individual Defendants' violations of Lewellen's constitutional rights because

Schneck failed to promulgate adequate policies, procedures and protocols and failed to adequately train its professional medical staff.  3d Amend. Compl. ¶¶ 63-69.[1]

## *Legal Analysis*

### I.   *Standard of Review*

Defendants' motion pursuant to Rule 12(b)(6) seeks the dismissal of Count IV for failure to state a claim upon which relief may be granted.  A party moving to dismiss bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007) (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")).  Thus, we may grant dismissal only if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic, 550 U.S. at 570.  In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant.  Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

---

[1] Notably, the facts alleged in ¶¶ 63-69 of supporting the § 1983 claim against Schneck appear only in Count IV, Claims under 42 U.S.C. § 1983 against Schneck for violation of Lewellen's Constitutional rights, of Plaintiffs' Third Amended Complaint.

## II.  *Statute of Limitations*

The statute of limitations on a § 1983 claim is "determined by the statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred."  King v. One Unknown Federal Correctional Officer, 201 F.3d 910, 913 (7th Cir. 2000).  In Indiana, the statute of limitations for a § 1983 claim is two years.  Id.; see also Ind. Code Ann. §34-11-2-4.  Dismissal is warranted "where a complaint reveals on its face that it is barred by the relevant statute of limitations." Id. (citing Tregenza v. Great Am. Communications Co., 12 F.3d 717, 718 (7th Cir. 1993)).

Defendants contend that Count IV of Plaintiffs' Third Amended Complaint, the § 1983 claim against Schneck, was brought after the expiration of the relevant statute of limitations.  The incident in question occurred on June 8, 2003.  Plaintiffs' original complaint in this action was filed on June 8, 2005, just within the two-year statute of limitations period.  The § 1983 claim against Schneck, however, was not raised until Plaintiffs' First Amended Complaint.  Plaintiffs moved to amend their original complaint on June 1, 2007—nearly two years after the statute of limitations ran.  Detailed factual support for the §1983 against Schneck did not appear until Plaintiffs' Third Amended Complaint, over two and one-half years after the expiration of the statute of limitations.

Fed. R. Civ. P. 15(c) provides, however, that an amendment to a pleading may relate back to the date of the original pleading under certain circumstances.  In particular, an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Thus, unless the § 1983 claim raised against Schneck in the First

Amended Complaint asserts a claim that arose out of the conduct, transaction, or occurrence set forth in the original pleading, it was untimely commenced.

### III.    *Relation Back of Claims*

Fed. R. Civ. P. 15(c) confines relation back to claims arising out of the same "conduct, transaction, or occurrence set forth . . . in the original pleading." Fed. R. Civ. P. 15(c).  In contrast, "when new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed."  Holmes v. Greyhound Lines, Inc., 757 F.2d 1563, 1566 (5th Cir. 1985).  The rationale for requiring that a new claim arise out of the conduct at issue in the original complaint is that fairness requires that the original complaint put a defendant on notice of the subject matter in dispute such that the defendant will not be prejudiced.  Federal Deposit Ins. Corp. v. Knostman, 966 F.2d 1133, 1138-39 (7th Cir. 1992).  Although relation back of amendments is to be liberally applied, Hill v. Shelander, 924 F.2d 1370, 1376 (7th Cir. 1991), "liberal application cannot cure a failure of the amended complaint to meet the requirement of the rule."  Holmes, 757 F.2d at 1566.

Plaintiffs argue that the § 1983 claim against Schneck relates back to the date of the original filing because the original complaint put Schneck on notice of the potential for a municipal liability claim.  Plaintiffs argue that the original complaint "provided more than sufficient notice of the subject that is being litigated."  Pl.'s Response at 2. In particular, Plaintiffs note that because a § 1983 claim requires an injury to come into

being, see Estate of Keys by & Through Doxie v. City of Harvey, 1994 U.S. Dist. LEXIS 17556, 9 (N.D. Ill. 1994), the § 1983 claim against Schneck did not arise until Lewellen was actually injured by the hospital's actions. According to Plaintiffs, because the original complaint set forth claims related to the injuries Lewellen suffered at the hospital, Lewellen's § 1983 claim arose out of the same conduct, transaction, or occurrence as the Plaintiffs raised within the statute of limitations period.

Schneck counters that the claim does not relate back because the specific facts which underlie Defendants' § 1983 claim—that Schneck failed to adequately train employees and implement sufficient quality assessment, performance improvement, and peer review programs—were not raised or at issue until the § 1983 claim against Schneck was raised. Because, Schneck contends, the original complaint "made no mention or implication of any policy, practice, or custom of Schneck that led to Lewellen's alleged constitutional deprivation," Schneck did not have fair notice of any municipal liability claim. Def.'s Br. In Supp. at 9.

The critical inquiry in a Rule 15(c)(2) determination is whether the factual allegations of the original pleading put the opposing party on notice of the claim later raised in the amended complaint. In re Fleming Packaging Corp., 370 B.R. 774, 790 (Bankr. C.D. Ill. 2007); see also Staren v. American Nat'l Bank & Trust Co., 529 F.2d 1257, 1263 (7th Cir. 1976). The analysis is extremely fact-sensitive. Fleming, 370 B.R. at 790. "[R]elation back analysis focuses on the notice given by the general fact situation alleged in the original complaint . . . whether the specified conduct of the defendant upon which the plaintiff is relying to enforce his amended claim, is identifiable with the

original claim." Id. (citing Bularz v. Prudential Ins. Co. of America, 93 F.3d 372, 379 (7th Cir. 1996)).  Relation back is permitted when an amendment asserts a new claim "on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." Bularz, 93 F.3d at 379.  It is not enough that two claims are born from the same incident.  "Relation-back is improper when the amendments concern new and distinct claims, even though they may arise from the same general occurrence or injury." Hamilton v. O'Connor Chevrolet, Inc., 2003 U.S. Dist LEXIS 22385 (N.D. Ill. 2003).

In general, where an amended complaint simply restates the same factual allegations and applies a new legal theory, relation back will be allowed.  See Henderson v. Bolanda, 253 F.3d 928, 931 (7th Cir. 2001) (stating that relation back is permitted where the facts upon which the new claim depends remain the same and were brought to the defendant's attention by the original pleading); FDIC v. Jackson, 133 F.3d 694 (9th Cir. 1998) (allowing relation back where "the original complaint contain[ed] all of the allegations against [the defendant] later restated in the second amended complaint"); Satterly v. Himelick, 2007 U.S. Dist. LEXIS 90839 (N.D. Ind. 2007) ("[T]he underlying factual situation upon which the action depends must remain the same for the amendment to relate back."); Wilson v. McRae's, Inc., 2002 U.S. Dist. LEXIS 6676 (N.D. Ill. 2002) (permitting relation back where an amended complaint did not add any new factual allegations).

However, where new factual allegations are supplied to support a new theory of

recovery, relation back is inappropriate. See Hamilton, 2003 U.S. Dist LEXIS 22385 at 11; see also Miller v. American Heavy Lift Shipping, 231 F.3d 242, 252-53 (6th Cir. 2000) ("An amendment that states a claim based upon different facts will not relate back to the date of the original complaint."); United States Craycraft, 167 F.3d 451, 457 (8th Cir. 1999) (disallowing relation back where the alleged deficiency differed in both "time and type" from the deficiency alleged in the original complaint); McGregor v. Louisiana State Univ. Bd. of Supervisors, 3 F.3d 850, 863 (5th Cir. 1993) ("The second amended complaint will not relate back if it asserts new or distinct conduct, transactions, or occurrences as the basis for relief."); Holmes, 757 F.2d at 1566 ("[W]hen new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed").

The amended complaint calls into question the hospital's compliance with "hospital licensure laws of the State of Indiana, the accreditation requirements of the Joint Commission on Accreditation of Hospitals . . . , and the conditions of participation in the federal Medicare program." 3d Amend. Compl. ¶ 63. It alleges deficiencies with Schneck's quality assessment, performance improvement, and peer review programs, as well as medical error tracking, analysis, and remediation. 3d Amend. Compl. ¶¶ 63, 67. The claim alleges that Schneck "has a history of adverse events within its Emergency Department" and "a history of providing inaccurate responses to deficiencies that have been noted by the State of Indiana and other regulators." 3d Amend. Compl. ¶ 65. It is

further alleged that Schneck failed to investigate or review the care Lewellen received on June 8 and 9, 2003, and that the hospital "created a culture of lack of accountability" that caused Lewellen's injuries. 3d Amend. Compl. ¶¶ 66-67. Lastly, the § 1983 claim against Schneck states that the hospital "failed to promulgate adequate policies, procedures and protocols and failed to adequately train its professional medical staff." 3d Amend. Compl. ¶ 68.

This § 1983 claim against Schneck is undeniably based on entirely distinctly new facts, not pleaded in the original complaint. An examination of the Plaintiffs' original complaint fails to reveal any factual allegations, such as those appear in ¶¶ 63-69 of the Third Amended Complaint, that would support Lewellen's § 1983 claim against Schneck. The original complaint calls into question the actions of hospital and law enforcement personnel on the June 8 and 9, 2003, relating to the specific care given Lewellen.[2] The § 1983 claim added against Schneck calls into question the training, policies, and procedures implemented (or not implemented) by Schneck long before Lewellen ever arrived at the hospital. We find that there is an insufficiently close correlation between the facts pleaded in the original complaint and those pleaded later to support Plaintiffs' § 1983 claim against Schneck. See In re Olympia Brewing Co. Sec. Litigation, 612 F. Supp.

---

[2] These facts, even liberally construed, are insufficient to support Plaintiffs' §1983 claim against Schneck. When a plaintiff makes a claim against a governmental entity by alleging a widespread practice of unconstitutional behavior, "proof of isolated acts of misconduct will not suffice; a series of violations must be presented to lay the premise of deliberate indifference." Klebanowski v. Sheahan, 540 F.3d 633, 638 (7th Cir. 2008) (quoting Palmer v. Marion County, 327 F.3d 588, 596 (7th Cir. 2003)). Thus, allegations of an instance of unconstitutional behavior, such as a failure to render appropriate care to Lewellen on June 8-9, 2003, would alone be insufficient to sustain the §1983 claim against Schneck.

1370, 1373-75 (N.D. Ill. 1985).

Because the original complaint did not give Defendants any notice as to the allegations which today form the basis of the Plaintiffs' § 1983 claim, the § 1983 claim cannot relate back. The two-year statute of limitations acts as a bar to the Plaintiffs' §1983 claim against Schneck.

### IV. Conclusion

Having carefully considered the parties' arguments regarding the timeliness of Plaintiffs' 42 U.S.C. § 1983 against Schneck for violation of Lewellen's Constitutional rights, we find this claim does not relate back to the filing of the original complaint, and is barred by the statute of limitations. Accordingly, we GRANT Defendants' partial motion to dismiss. IT IS SO ORDERED.

Date: \_\_02/19/2009_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

William David Bridgers
NEAL & HARWELL PLC
dbridgers@nealharwell.com

Gary J. Clendening
MALLOR CLENDENING GRODNER & BOHRER
gjclende@mcgb.com

Kristen Vanderkooi Dyer
NEAL & HARWELL PLC
kdyer@nealharwell.com

Philip Norman Elbert
NEAL & HARWELL PLC
pelbert@nealharwell.com

Christopher Charles Hagenow
HOPPER & BLACKWELL
chagenow@hopperblackwell.com

Kirk Robert Jocham
HALL RENDER KILLIAN HEATH & LYMAN
kjocham@hallrender.com

Belinda Rose Johnson
MALLOR CLENDENING GRODNER & BOHRER LLP
bjohnson@mcgb.com

Edward J. Liptak
CARSON BOXBERGER
liptak@carsonboxberger.com

Christopher L. Riegler
HALL RENDER KILLIAN HEATH & LYMAN
criegler@hallrender.com